### J. DONOVAN *v.* THE STATE.

CONTINUANCE. — Allegations that an attachment for an absent witness had been procured and sent to the county of his residence, but had not been returned or heard from, do not show diligence. The showing must disclose to whom, and how, the process was sent.

APPEAL from the District Court of Limestone. Tried below before the Hon. D. M. PRENDERGAST.

The indictment and conviction were for theft.

*B. M. Burrow*, for the appellant.

*George McCormick*, Assistant Attorney-General, for the State.

WINKLER, J. The affidavit of the defendant, in support of his application for a continuance, states that one James Garner, who resides in Clay County, is a material witness for the defendant. The diligence used is stated in the affidavit, as follows:

" That defendant made the necessary affidavit for attachment for said witness on 18th day of March, 1878, which was only a day or two after the indictment was found, and that said attachment was issued on same day, and sent to Clay County, but has not yet been heard from or returned to court,'' and that the witness is not absent by his procurement.

The application was properly overruled. It is not stated to whom, or in what manner, the attachment for the absent witness was sent to the county of the witness' alleged residence. It should, at any rate, have shown that the process had been forwarded by some reliable mode of transmission, and addressed to some person authorized to cause service to be made upon the witness. For aught that appears from the affidavit, the attachment may have been intrusted to one wholly unreliable, or to a means of being forwarded which was wholly unreliable, or to a fictitious person, or without being addressed to any person whose duty it was to give it attention. *Cantu* v. *The State*, 1 Texas Ct. App. 402, and authorities cited.

This is the only material question in the case necessary to be considered. Finding no error in the proceedings, the judgment is affirmed.

*Affirmed.*